UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL D COUILLARD,

   Plaintiff,

v.                Case No. 17-C-1501

BROWN COUNTY, *et al.*,

   Defendants.

**DECISION AND ORDER**

  Plaintiff Michael D. Couillard has filed a complaint and seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF Nos. 1, 2. The Court has reviewed the affidavit submitted in support of the motion and concludes based on what was provided that plaintiff lacks sufficient income and/or assets to pay the filing fee. Accordingly, his petition to proceed *in forma pauperis* is **GRANTED**.

  District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Prompt screening of a complaint prior to service, especially when the plaintiff is pro se, serves the important function of protecting putative defendants from unnecessary fear and anxiety and the expense of hiring an attorney in order to respond to patently frivolous claims brought either out of ignorance of the law or with intent to embarrass or harass. In screening a complaint, the court must determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.

  To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R.

Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## BACKGROUND

This is Couillard's second complaint filed in this court arising out of family law proceedings at the Brown County Courthouse. On October 20, 2017, this court dismissed his first complaint for lack of subject matter jurisdiction and for failure to state a claim. Screening Order at 10, *Couillard*

2

*v. Van Epps*, No. 17-C-1424 (E.D. Wis. Oct. 20, 2017), ECF No. 4. Returning to this court, Couillard largely repeats the allegations made in his previous complaint. He alleges that "[t]he county of Brown located in Wisconsin, as well as the state itself allowed [his] constitutional rights to be stripped from [him] when the county of Brown recklessly, made grave harm to" his relationship with his child. ECF No. 1 at 2. He notes that the Supreme Court of the United States has identified parental rights as a fundamental right. *Id.* Alleging that "[t]he county and the mother of [his] child participated in a damaging campaign against" him, he contends that, despite the denial of two temporary restraining orders due to the absence of evidence that he committed abuse, he was subsequently "denied his rights to [his] child by multiple Court Commissioners within the Brown [County] courts because of the allegations which were never proven." *Id.* at 3. Further, he alleges that although he has "never been charged [with] abuse . . . the state keeps . . . stating in multiple Court records that [he is] in fact violent when they have no proof nor evidence." *Id.* As a result, he alleges, "[t]he U.S. Court must right the state courts wrongs." *Id.*

For relief, Couillard "demand[s] an Immediate full hearing allowed to [him] under the U.S. Constitution." *Id.* at 4. He further demands that the State pay $500,000 in damages. *Id.* Finally, because he allegedly "lost visitation with [his] child without due process," he wants his "rights reinstated and the State to be held accountable." *Id.*

In support of his complaint, Couillard has submitted an affidavit with three attached exhibits. ECF No. 4. Although the affidavit largely consists of a patchwork of legal terms of art used without regard for context, Couillard does elaborate that he "demands dismissal and discharge of all support orders created in violation of 45 C.F.R. 303.101(c)(4) on the grounds that due process and equal protection laws were violated." *Id.* The attached exhibits consist of a March 14, 2016 guidance

3

letter from the U.S. Department of Justice to state and local courts regarding the constitutional assessment of fines and fees, a chapter entitled "Expedited Judicial and Administrative Processes" from a source apparently entitled *Essentials for Attorneys in Child Enforcement*, and a copy of 45 C.F.R. § 303.11 as it appeared in 2010. ECF Nos. 4-1, 4-2, 4-3.

## ANALYSIS

Couillard's new complaint suffers from the same defects as his first one, and it will therefore once again be dismissed for lack of subject matter jurisdiction and for failing to state a claim upon which relief may be granted. Once again, this court does not have jurisdiction over state court child custody proceedings, and Couillard cannot bring a claim against Brown County or the State of Wisconsin. Furthermore, Couillard names Brown County Circuit Court Commissioner Phoebe Mix as a defendant in this case, but his complaint fails to state a claim against her because it fails to allege any facts about her at all.

Reading the new complaint liberally, as the court must do at this stage in the proceedings, Couillard seems to allege that the state court custody proceedings denied him his fundamental constitutional rights as a parent by limiting his ability to visit his child. Couillard is correct that the Supreme Court has held that "the Due Process Clause of the Fourteenth Amendment protects the fundamental rights of parents to make decisions concerning the care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 68 (2000) (plurality); *see also id.* at 77 (Souter, J., concurring in the judgment); *id.* at 95 (Kennedy, J, dissenting). But the Supreme Court's recognition of the existence of such parental rights under the Constitution does not cure the jurisdictional defect that arises out of Couillard's desire to litigate a child custody decision in federal court. The Supreme Court has held that federal courts lack subject matter jurisdiction over domestic relations cases

4

"involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also In re Burrus*, 136 U.S. 586, 593–94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."). "This 'domestic relations' exception to subject matter jurisdiction applies to such cases even when constitutional claims are involved." *Adam v. Frantz*, No. 02-C-0053-C, 2002 WL 32341816, at *4 (W.D. Wis. May 10, 2002) (citing *Allen v. Allen*, 48 F.3d 259, 261–62 (7th Cir. 1995)). Couillard's invoking of his constitutional parental rights therefore does not grant this court subject matter jurisdiction to review the state court's decisions regarding custody of Couillard's child.

The abstention doctrines discussed in the denial of Couillard's first complaint further counsel against a federal court exercising jurisdiction over Couillard's child custody claims. Under the *Rooker–Feldman* doctrine, lower federal courts lack the subject matter jurisdiction to review state court judgments or claims that are inextricably intertwined with matters previously determined in a state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Accordingly, a federal court must determine "whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Rizzo v. Shehan*, 266 F.3d 705, 713 (7th Cir. 2001) (quoting *Garry v. Geils*, 82 F.3d 1362, 1265 (7th Cir. 1996)). To the extent that the Brown County Circuit Court has made a final determination regarding Couillard's custody rights, his claims with regard to his fundamental constitutional rights as a parent are inextricably intertwined with the state court's judgment. This court therefore lacks subject matter jurisdiction to review them under the *Rooker–Feldman* doctrine. Indeed, Couillard's request that this court "right the state courts

wrongs," as he phrases it in his complaint, or "dismiss[] and discharge . . . all support orders," as he phrases it in his affidavit, is exactly the type of review that the *Rooker–Feldman* doctrine prohibits.

Moreover, to the extent that any custody proceedings remain pending in the Brown County Circuit Court, this court must abstain from interfering under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), which prohibits a federal court from interfering with ongoing proceedings in a state court matter. Specifically, "[t]he *Younger* abstention doctrine requires federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.2d 661, 666 (7th Cir. 2002) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436–37 (1982)). Here, Couillard asks this court to review custody decisions made by judicial officers of the State of Wisconsin. Those decisions implicate a subject matter—domestic relations—that the Supreme Court has recognized as presenting such a substantial state interest that the issue is beyond the jurisdiction of the federal courts. The Wisconsin court system offers him an adequate opportunity to seek review of the merits of those decisions through the appeals process, and he has alleged no special circumstances justifying extraordinary interference by this court. Accordingly, it would be inappropriate for this court to interfere with any ongoing custody proceedings in the Brown County Circuit Court.

Even if this court had jurisdiction over Couillard's claims, he has failed to state a claim for which relief can be granted against any defendant. Once again reading his complaint liberally, he seems to assert a claim under 42 U.S.C. § 1983 that Brown County and the State of Wisconsin deprived him of his parental rights. To state a claim for relief under § 1983, a plaintiff must allege

6

that (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the deprivation was visited upon him by *a person or persons* acting under the color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.2d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). But states and their agencies are not "persons" subject to suit under § 1983. *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999). Therefore, he cannot bring a § 1983 claim against the State of Wisconsin. Likewise, the Brown County Court is a state court and thus a state agent—not a county agent. *See Sudduth v. Donnelly*, No. 08-C-4227, 2009 WL 918090, at *5 (N.D. Ill. Apr. 1, 2009) (citing *Johnson*, 165 F.3d at 1141); *see also Shea v. Winnebago Cty. Sheriff's Office*, No. 12-C-50201, 2012 U.S. Dist. LEXIS 174233, at *4 (N.D. Ill. Dec. 10, 2012) ("Further a state court is considered to be a state agent."). As a result, neither Brown County nor the State of Wisconsin is the proper subject of a suit under § 1983.

To the extent that Couillard is attempting to bring some other federal claim against the Brown County Circuit Court or the State of Wisconsin, the Eleventh Amendment forbids courts from exercising subject matter jurisdiction over claims against a state or state agency for monetary damages. *See Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010). Additionally, Couillard has pled only factual allegations that occurred in the Brown County Circuit Court; he has not pled any factual allegations against Brown County itself. As previously noted, the Brown County Circuit Court is a state agency, not a county agency. To establish a § 1983 claim, Couillard must establish that the defendant was personally responsible for the constitutional deprivation; Brown County cannot be held liable through a *respondeat superior*

theory of liability. Because Couillard has not alleged any factual allegations against Brown County, he has failed to state a claim.

To the extent that Couillard seeks to recover because of judicial determinations by Brown County judges, judges have judicial immunity from lawsuits seeking monetary damages for actions taken in the judge's judicial capacity, even if the acts are taken in bad faith or with malice. *Mireles v. Waco*, 502 U.S. 9, 9, 11 (1991). A judge does not receive judicial immunity for nonjudicial actions or actions taken in the clear absence of jurisdiction. *Id*. at 11–12. However, Couillard makes no allegations that these were nonjudicial actions or actions taken in the clear absence of jurisdiction. Therefore, judicial immunity appears to apply to the Brown County custody decisions.

Finally, Couillard names Phoebe Mix, a Brown County Circuit Court Commissioner, as a defendant, but he never mentions her outside the caption of his complaint. In order to state a claim, Couillard must plead specific facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Therefore, Couillard has failed to state a claim against Mix.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of subject matter jurisdiction and for failure to state a claim.

Dated this 6th day of November, 2017.

                                              s/ William C. Griesbach
                                              William C. Griesbach, Chief Judge
                                              United States District Court